**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**

| | |
|---|---|
| Katie Jones and Carlos Luna, on behalf of themselves and all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>Nationstar Mortgage, LLC,<br><br>　　　　　　Defendant. | CIVIL ACTION NO.<br><br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

COME NOW the Plaintiffs, Katie Jones and Carlos Luna, by and through the undersigned counsel, and for their Class Action Complaint against the Defendant, Nationstar Mortgage, LLC, states as follows:

## INTRODUCTION

1. Katie Jones and Carlos Luna, individually, and on behalf of all others similarly situated, bring this Complaint for damages for Defendant's illegal acquisition and use of credit reports in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681 *et seq.* and 28 U.S.C §§ 1331 and 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391b(2).

1

## PARTIES

4. Plaintiff Katie Jones (hereinafter "Plaintiff Jones") is a natural person who resides in the City of Des Moines, County of Polk, State of Iowa, and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

5. Plaintiff Carlos Luna (hereinafter "Plaintiff Luna") is a natural person who resides in the City of Des Moines, County of Polk, State of Iowa, and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

6. Defendant Nationstar Mortgage, LLC ("Defendant") is a foreign corporation incorporated in Delaware with its headquarters located at 350 Highland Drive, Lewisville, Texas 75067. Defendant has a registered agent in the State of Iowa of Corporation Service Company, 505 5th Ave., Suite 729, Des Moines, Polk, Iowa, 50309.  Defendant is a "person" as defined at 15 U.S.C. § 1681a(b).

## FACTUAL ALLEGATIONS

### Experience of Plaintiff Jones

7. On June 20, 2007, Plaintiff Jones executed a Note, which was secured by a Mortgage, in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Community Lending, Inc. The Mortgage was recorded in the office of the Polk County Recorder on June 25, 2007 in Book 12255, Pages 77-92.

8. At some point in time the Note and Mortgage were assigned or otherwise transferred to the Defendant for servicing.

9. On May 16, 2013, Plaintiff Jones filed for bankruptcy relief pursuant to Chapter 7 of the United States Bankruptcy Code. *In re Katie L Jones*, No. 13-01447-als (Bankr. S.D. Iowa Sept. 3, 2013).

10. At the time she filed for bankruptcy protection, Plaintiff Jones listed the underlying liability on the note as a secured debt.

11. On September 3, 2013, Plaintiff Jones was granted Chapter 7 discharge of debts, including her personal liability as to the note.

12. At no time did Plaintiff Jones execute a reaffirmation agreement with respect to the Note and Mortgage.

13. Defendant, with whom Plaintiff Jones does not have a current credit relationship or an account and did not have a credit relationship with Defendant after the bankruptcy discharge, illegally obtained and used Plaintiff Jones's personal credit information from TransUnion, LLC. (hereinafter "TransUnion") on January 23, 2014.

14. Defendant intentionally misrepresented to TransUnion that Plaintiff Jones had an existing credit relationship with it which resulted in TransUnion releasing highly confidential and sensitive information concerning Plaintiff.

15. Defendant did not have a permissible purpose to obtain Plaintiff Jones's credit report under 15 U.S.C. § 1681b(a).

16. The misrepresentation resulted in Defendant's illegal acquisition and use of Plaintiff Jones's TransUnion credit report in violation of 15 U.S.C. § 1681b(f).

17. As a result of Defendant's illegal acquisition and use of Plaintiff Jones's TransUnion credit report, Plaintiff Jones's privacy has been invaded.

Experience of Plaintiff Luna

18. On June 28, 2007, in consideration for monies borrowed, Plaintiff Luna executed and delivered a Note and Mortgage against property, locally known as 2216 Maish Ct., Des Moines, Iowa, in favor of Mortgage Electronic Registration Systems, Inc., as nominee for First Class Mortgage, Inc. The Mortgage was recorded in the office of the Polk County Recorder on January 15, 2008 in Book 12510, Pages 442-459.

19. At some point in time the Note and Mortgage were assigned or otherwise transferred to the Defendant for servicing.

20. Plaintiff Luna filed for Chapter 7 Bankruptcy relief on March 4, 2011. *In re Carlos S. Luna*, No. 11-00761-als (Bankr. S.D. Iowa March 4, 2011).

21. At the time he filed for bankruptcy protection, Plaintiff Luna listed the Defendant as a creditor.

22. At no time did Plaintiff Luna execute a reaffirmation agreement with respect to the Note and Mortgage.

23. On June 01, 2011, the bankruptcy trustee filed an Adversary Proceeding seeking to avoid the lien (mortgage) against the property. The bankruptcy trustee, in his pleading, asserted the mortgage pertaining to Plaintiff Luna's property was unperfected and of no force or validity for the reason that Plaintiff Luna did not execute the Mortgage in the presence of a notary. *Flynn v. First Class Mortgage,*

*Inc. and Mortgage Electronic Registration Systems, Inc.*, No. 11-30042-als (Bankr. S.D. Iowa June 1, 2011).

24. On June 7, 2011, Plaintiff Luna received his Chapter 7 bankruptcy discharge.

25. On October 4, 2012, the bankruptcy court entered an order granting summary judgment in favor of the bankruptcy trustee. The affect of the order for summary judgment voided the Defendant's interest in the Mortgage and classified the debt secured by the Mortgage as wholly unsecured. All parties involved in the litigation received notice, including Defendant.

26. A Release of Real Estate Mortgage was executed on August 15, 2013 and filed with the Office of the Polk County Recorder on August 20, 2013, in Book 14925, Page 1.

27. Plaintiff Luna has since obtained new financing for his property.

28. Defendant, with whom Plaintiff Luna does not have a current credit relationship or account and did not have a credit relationship with Defendant after the bankruptcy court voided the lien on October 4, 2011, illegally obtained and used Plaintiff Luna's personal credit information from TransUnion on January 23, 2014.

29. Defendant intentionally misrepresented to TransUnion, that Plaintiff Luna had an existing credit relationship with it, resulting in TransUnion releasing highly confidential and sensitive information concerning Plaintiff.

30. Defendant did not have a permissible purpose to obtain Plaintiff Luna's credit report under 15 U.S.C. § 1681b(a).

31. The misrepresentation resulted in Defendant's illegal acquisition and use of Plaintiff Luna's TransUnion credit report in violation of 15 U.S.C. § 1681b(f).

32. As a result of Defendant's illegal acquisition and use of Plaintiff Luna's TransUnion credit report, Plaintiff Luna's privacy has been invaded.

## CLASS ALLEGATIONS

33. This action is brought on behalf of a class consisting of all persons whose credit files were accessed from two years prior to the filing of this complaint through to the present, by Defendant for the purpose of conducting an account review and/or credit review and whose account, at the time of the access, was not an open account or a closed account with a balance owing to Defendant.  The class consists of primarily of persons who at some point had an account with Nationstar and had those accounts discharged in bankruptcy or otherwise closed. The class period begins two years before the date this case was filed and continues through the conclusion of this case.

34. The class is so numerous that joinder of all members is impracticable. Upon information and belief, Defendant has unlawfully accessed the credit files of hundreds of consumers in the United States.

35. There are questions of law and fact, common to the class, which predominate over any questions affecting only individual class members. The principal question is whether Defendant's conduct in connection with unlawfully accessing consumers' credit files in the manner alleged (or described) violates the FCRA.

36. There are no individual questions, other than the identification of class members which can be determined by ministerial inspection of Defendant.

37. The Plaintiffs will fairly and adequately protect the interests of the class, and are committed to vigorously litigating this matter. Plaintiffs have retained counsel experienced in handling class actions of this type and consumer claims. Neither Plaintiffs nor their counsel has any interest which might cause them not to vigorously pursue this claim.

38. Plaintiffs' claims are typical of the claims of the class, which all arise from the same operative facts and based on the same legal theories.

39. A class action is superior to other available methods for the fair and efficient adjudication of the controversy pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## TRIAL BY JURY

40. Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. Amend. 7. Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATION OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681, *et seq*.

41. Plaintiffs hereby incorporate by reference all preceding paragraphs as though fully stated herein.

42. Defendant lacked a permissible purpose in accessing Plaintiffs and the class's credit histories stored on TransUnion's database in violation of 15 U.S.C. § 1681b(f).

43. As a result of Defendant's violation of 15 U.S.C § 1681b(f), Plaintiffs and the class have suffered out-of-pocket expenses and emotional distress in an amount to be determined at trial.

44. Defendant's conduct, actions and inactions were willful, rendering it liable for statutory damages of $1,000 and punitive damages in an amount to be determined pursuant to 15 U.S.C. § 1681n.

45. As a direct and proximate result of Defendant's conduct as outlined above, Plaintiffs and the class are entitled to an award of statutory damages, such amount of punitive damages as the Court may allow, and reasonable attorney's fees together with the costs of this action as provided by 15 U.S.C. § 1681n.

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant for:

- certifying the action as a class;
- awarding appropriate statutory and punitive damages for violating the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*;
- costs and reasonable attorney's fees pre and post judgment pursuant 15 U.S.C. §1681 *et seq.*; and
- for such other and further relief as may be just and proper.

```
```
Dated this 3d day of July, 2014.

By: */s/*Samuel Z. Marks
Samuel Z. Marks, Esq.
Attorney I.D. # IS9998821
L. Ashley Zubal, Esq.
Attorney I.D. # IS9998256
Marks Law Firm, P.C.
4225 University Ave.
Des Moines, IA 50311
Telephone: (515) 276-7211
Facsimile: (515) 276-6280
Email: Ashley@markslawdm.com

*Pending Pro Hac Vice Admission*        By: s/Thomas J. Lyons Jr.
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #: 0249646
367 Commerce Ct.
Vadnais Heights, MN 55127
Telephone: (651)770-9707
Facsimile: (651)704-0907
Email:  tommycjc@aol.com

*Attorneys for Plaintiff*